**RECEIVED**

NOV 19 2007
NOV 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Keswin Deundra Doss

_____

_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**07CV6538**
**JUDGE NORGLE**
**MAGISTRATE JUDGE BROWN**

vs.

State of Illinois
County of Will
Joliet Township
Joliet Police Department
Will county Sheriff Department
Melani vetter

(Enter above the full name of ALL
defendants in this action. **Do not**
use "et al.")

Case No:_____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         U.S. Code (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
         **28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

# Defendants:

Will County Adult Detention Facility
Will county State's Attorney Office
Will county Public Defender's Office
Illinois Department Of Corrections

Illinois 12th Judicial Circuit Court, Of Will County
Illinois Third District Appellate Court
Will county's Assistant State's Attorney 'Micheal Knick'
Will county's State's Attorney 'Jeff Tomczak'
Will county's Assistant State's Attorney 'Crystal Savens'
Will county's Assistant Public Defender 'Timothy McSwath'
Joliet police Department's, Detective Bruce Larson
Joliet Police Department's, Officer, Dennis McWherter
Joliet Police Department's, Officer, Ticky
Joliet Police Department's, 'Officers, John Does'
Joliet Police Department's, 'Officers, Jane Does'
Will county Sheriff's Deputies 'John Does'
Will county Sheriff's Deputies, 'Jane Does'
Will county correctional Officer, Stanko
Will county correctional officers, 'John Does'
Will county correctional officers, 'Jane Does'
Illinois 12th Judicial Circuit Court, 'Judge Gerald Kinney'
Illinois 12th Judicial Circuit Court, 'Judge Rozak'

## Defendants:

Will County Circuit Court: Court Reporter, 'Therese Hussar'
Will county circuit court: Court reporter, 'Jane Does'
Will county circuit court: Court reporter, 'John Does'
Illinois Third District Appellate Defender, 'Kenneth Brown'
Illinois Third District, Deputy Director 'Lawrence Bauer'
Illinois Third District court: Clerk, 'Jane Does'
Illinois Third District court: Clerk, 'John Does'
Illinois Third District Appellate: Judge, 'Jane Does'
Illinois Third District Appellate: Judge, 'John Does'
Will county Assistant State's Attorney, John Does
Will county Assistant State's Attorney, Jane Does
Will county Adult Detention Facility, Warden, John Doe
Will county Adult Detention Facility, chief of security, John Doe
Will county circuit court: Clerk, John Does
Will county circuit court: Clerk, Jane Does

3

**I.**    **Plaintiff(s):**

A.    Name: Kerwin Deandra Doss

B.    Date of Birth: June 17, 1978

C    List all aliases: none

D.    Prisoner identification number: 063125

E.    Place of present confinement: Will County Adult Detention Facility

F.    Address: 95 south Chicago St, Joliet Ill, 60432

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**    **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.    Defendant: Jeff Tomczak

Title: Former State's Attorney for Will County

Place of Employment: Will county State's Attorney office

B.    Defendant: Micheal Knick

Title: Assistant State's Attorney

Place of Employment: Will county State's Attorney office

C.    Defendant: Crystal Savens

Title: Assistant State's Attorney

Place of Employment: Will county State's Attorney office

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

State of Illinois
unknown
State of Illinois

County of Will
unknown
Will County

Joliet Township
Unknown
Joliet, Illinois

Joliet Police Department
Police Department
Joliet, Illinois

Will County Sheriff Department
Sheriff Department
Joliet, Illinois, The county of Will

Will County Adult Detention Facility
county jail
Joliet, Illinois The county of Will

Will county State's Attorney Office
Representative for The People of The State of Illinois
county of Will, Joliet Illinois

Will county Public Defender's Office
Representative for indgent defendants
county of will, Joliet Illinois

Illinois Department of Corrections
Correctional holdng facility
State of Illinois

Illinois 12 Judicial Circuit court of Will County
Judicial circuit court
Joliet, Illinois

Illinois Third District Appellate court
Appeals court
State of Illinois

Timothy McGrath
Assistant Public Defender
Will county Public Defender's office

Bruce Larson
Joliet police Detective
Joliet police Department

Dennis McWhester
Joliet police officer
Joliet police Department

Richy
Joliet police officer
Joliet police Department

John Does
Joliet Police officers
Joliet police Department

Jane Does
Joliet police officers
Joliet Police Department

7

John Does
Will county Sheriff Deputies
Will county Sheriff Department

Jane Does
Will county Sheriff Deputies
Will county Sheriff Department

Stanko
Correctional officer
Will County Adult Detention Facility

John Does
Correctional officers
Will county Adult Detention Facility

Jane Does
Correctional Officers
Will county Adult Detention Facility

John Doe
Warden
Will County Adult Detention Facility

John Doe
Chief of Security
Will County Adult Detention Facility

Ierald Kinney
Will county Circuit court Judge
12 Judicial Circuit court of Will county

Mr. Rozak
Will county Circuit court Judge
12 Judicial circuit court of Will county

Therese Hussar
Court Reporter
Will county Circuit court House

Jane Does
Court Reporter
Will county Circuit court House

John Does
Court Reporter
Will County Circuit court House

Kennith Brown
Appellate Defender
Illinois Third District Appellate court

Lawrence Bauer
Deputy Director
Illinois Third District Appellate court

Jane Does
Clerk
Illinois Third District Appellate court

John Does
Clerk
Illinois Third District Appellate court

John Does
Appellate Judge
Illinois Third District Appellate court

Jane Does
Appellate Judge
Illinois Third District Appellate court

John Doe
Assitant State's Attorney
Will county state's Attorney office

Jane Doe
Assitant State's Attorney
Will county state's Attorney office

John Doe
Clark
Will county court House

Jane Doe
Clark
Will county court House

Melani Vetter
complainant
unknown

**III.**  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:** None

A.  Name of case and docket number: _____

_____

B.  Approximate date of filing lawsuit: _____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.  List all defendants: _____

_____

_____

_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.  Name of judge to whom case was assigned: _____

_____

G.  Basic claim made: _____

_____

_____

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____

_____

I.  Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

12.

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1.)                    Defendants:

Joliet Police Department, county of Will, Joliet Township
Will county States Attorney's office, Joliet Det. Bruce Larson
Joliet Police Officer, Dennis McWhester, State of Illinois
Assistant states Attorney February 15, 2001 Grand Jury" John Doe

_____ Claims:

Unlawful arrest and detainment, Suborn Perjury, Conspiracy
Federal False arrest, Violation of Equal Protection, Due Process
Perjury, Planting and fabricating evidence, discrimination
obstruction of Justice, Indemnification, Abuse of Process
Malicious Prosecution, Official Misconduct, Prosecutorial Misconduct
metal anguish, Intentional Infliction of Emotional Distress o, Harassment

That in January 2001 Det. Larson and Officer McWhester
were investigating a string of Armed Robberies in the Joliet
area o For which they arrested Four individuals and interrogated
these individuals o And came up with a Known nickname from
them o That they then proceed to manipulate, threaten and intimidate

them into saying this person help commit these robberies. That due to the information they received they investigated and came up with the name "Kerwin Doss". That on February 2, 2001 Det. Larson filed a criminal complaint and warrant charging Kerwin D. Ross with committing armed and aggravated robberies with a black handgun. That after realizing that the name was misspelled Det. Larson filed an amended complaint and warrant on February 5, 2001 stating the same facts. That after interviewing 3 of the 4 suspects and being unsuccessful in getting them to go before the grand jury and lie - commit perjury against Mr. Doss. Det. McWhester along with the appointed Assistant States Attorney went before the grand jury on February 15, 2001 and committed suborn perjury. By getting Mr. Doss indicted on a 20-count bill of indictment along with the other four suspects for committing the offenses of armed and aggravated robberies while being armed with a Toy Gun which was silver in color. They presented this weapon before the grand jury knowing that the victim has stated in her police reports that the person was armed with a black handgun. To which Det. Larson's criminal complaints and warrants reflects these same facts. That Mr. Doss was only indicted on 1 count of aggravated and 1 count of armed robbery. That Mr. Doss was arrested on March 2, 2001 on the amended warrant issued on February 5, 2001.

## 20)         Defendants:

Joliet Det. Bruce Lasson, Joliet Police Officer, Dennis McWherter
County of Will, Joliet Township, Will county State's Attorney office
Circuit Court Judge, Gerald Kinney, Assistant Public Defender, Timothy McGrath
Assistant State's Attorney, Micheal Knick, State's Attorney, Jeff Tomczak
Assistant State's Attorney, July 12, 2001 Grant Jury, John or Jane Doe
Melani Vetter, State of Illinois, Joliet Police Department

### Claims:

Conspiracy, Malicious Prosecution, Obstruction of Justice
Violation of Equal Protection, Fair trial, Due Process, perjury
Judicial-official and Prosecutorial misconduct, Abuse of Process
Suborn Perjury, indemnification, unlawful detainment, Harassment
Intentional Infliction of Emotional Distress, mental anguish
unlawful and wrongful conviction

That Mr. Doss, petitioner' was assigned on the February 15, 2001
indictment for comitting the offenses of armed and aggravated robberies
with a silver toy gun. That petitioner was assigned to Judge Kinney's court
all whom was also the Judge whom signed off on the amended criminal
complaint and warrants of February 5, 2001. Which alleged petitioner
comitted the offense with a black handgun. That he was appoited
assistant Public Defender, Timothy McGrath. That A.P.D. McGrath' tried
o wave petitioner's right to his speedy trial. To which petitioner
addressed the court informing him that he was demanding his
right to a speedy trial. That a trial date was set for May.

That Mr. Doss advised A.P.D McIrath that he was never arrested with no kind of weapon, futhermore not a toy gun that was silver in color. When the victim was stating in her police reports that the person had a black handgun. And that the police plainted this gun and case on him, due to his past run ins with them. Plus that they Just now found out that petitioner, Mr. Doss is also the person whom goes by the name 'KaShawn' which is the nickname that was giving to them by those 4 other suspects. That A.P.D. McIrath, told petitioner that the police can take a gun that was used in one case and say it was used in another case.

That petitioner was severance from the other co defendants due to the fact petitioner was only charged in 2 of the 20 counts which none of the other 4 co defendants were charged in.

That upon Mr. Doss going to court on another unrelated case. He viewed officer McWherter in the gallery of his courtroom pointing at him and whispering to an unknown female whom was sitting beside him.

That on June 7, 2001, petitioner presented in open court a Motion to Dismiss on the grounds that he can not be charged with an armed robbery with the dangerous weapon being a toy gun. That he addressed Judge Kinney with case law to support his position. As well as he argued that he was never arrested with any kind of weapon. Futhermore this silver toy gun that the State has in evidence and has indicted as being the weapon used. But most of all that the victim is stating in her police reports the person used a black handgun.

16

That 'Judge Kinney' inform petitioner that the state can do what they like in regards to how they charge a person.

Then on July 2, 2001 which was defendant's scheduled trial date. Defendant filed a pro.se. Motion to Dismiss due to speedy trial violation. That the motion was heard but denied only because 'Judge Kinney' attributed 11 days against defendant. That after reviewing his record of appeal defendant realized that those 11 days were really asked for and received by the state.

Also the state made an oral motion to strike the word toy as being surplus language. Defense counsel objected arguing that the change would prejudice defendant because he was indicted by the state and officer McWherter going before the grand jury persenting this silver toy gun which they also have in evidence. And to now allow them to change it on the day of trial would be unjust and unfair to the defendant. But furthermore that the victim has always stated it was a black hand gun used not a silver toy gun. Also that this sudden change is only a resolute of defendant advising the court on June 7, 2001 of the misconduct and conspiracy against him by the state and Joliet Police Department. The court, 'Judge Kinney' denied the State's motion stating due to what defense counsel has representted it would be fundamentally unfair to allow the change. But then Judge Kinney went beyond -abusing his authority. By advising the state himself that they should reindict the defendant. Then grants, them a continuance to reindict defendant over defense counsel's objection stating

the defendant is ready for trial. That on July 12, 2001 the State 'A.S.A. Knick', had Det. Larson when filed the original and amended criminal complaint and warrants go before the grand jury this time. Rather then have Officer Mcwherter, futher perjure himself and expose their misconduct and conspiracy. They recevied a superceeing bill of indictment alleging the weapon used this time is a pistol. Still not the black handgun as stated by the victim which is also reflected in Det. Larson's reports.

3.)            Defendants:

County of Will, Joliet Township, Will County State's Attorney office
Joliet Det. Bruce Larson, Joliet Police Officer Dennis McWherter
Circuit court judge Gerald Kinney, Melani Vetter
A.P.D. Timothy McGrath, A.S.A. Michael Knick, State of Illinois
A.S.A. Crystal Lavens, S.A. Jeff Tomczak, Public Defender's office

                Claims:
Conspiracy, Malicious Prosecution, Equal Protection, Perjury
Fair trial, Due Process, Obstruction of justice, indemnification
Judicial - official and Prosecutorial misconduct, Suborn Perjury
Fabrication of documents, Planting of false evidence, I.I.E.D
unlawful detainment, Abuse of Process, Mental anguish, Federal
unlawful and wrongful conviction

     That on September 13, 2001, A.S.A. Knick made a oral motion to
attain a Jacket from the defendant's property at the W.C.A.D.F.
Stating, that he called to the jail yesterday and found out that
the defendant has a black stater Jacket in his property. Which is
now the Jacket the victim is stating he had on when he robbed
her. That defense counsel P.D. McGrath objected arguing that
this Jacket has been in the defendant's property for over the
past 6 monthes. Which is the same Jacket he had on upon him being
arrested. And futhermore why wasn't it taken and placed into
evidence along with his black hoody and skull cap on the day he

was arrested? That defendant requested from "P.D. McGrath" to once again see the police report. To which he realized - noticed that it had been altered, defaced, manipulated and changed by words being scratched out. Which were hoody and skull cap"! And now over it was now mention of this jacket with white team logo on the front in its place. That defendant then advised counsel "P.D. McGrath" that he was working - conspiring with the State and Police to set him up by letting the State manipulate and alter documents, manufacture evidence against him by changing the police report.

That defendant then addressed "Judge Kinney" on the Record about "A.S.A. Knick, A.S.A. Lavens, P.D. McGrath and the Joliet Police's" conspiracy and unlawful misconduct against him. Futhermore defendant requested that the court subpoena from the Joliet Police Department their original police report so that he can show and confirm his point - fact. That they 'defendants' have manipulate and altered documents, changed and tampered with the police report, planted false evidence.

That Det. Larson and officer Mcwherter testified about retrieving this Jacket 6 monthes latter from the defendant's property at the W.C.A.D.F on September 13, 2001. Also the victim Melani Vetter was now stating this is the jacket the person had on who robbied her. Melani Vetter perjuried herself by conspiring and being manipulated by these other co. defendants. By first identifing defendant then by lying about evidence.

4.)                    Defendants:

State of Illinois, County of Will, Joliet Township
Will county State's Attorney office, Circuit court Judge Gerald Kinney
Joliet Det. Bruse Larson, Joliet Police officer Dennis Mcwherter
A.P.D. Timothy McGrath, Ass.t. Micheal Knick, Melani Vetter
Ass.t. Crystal Suevens, S.A. Jeff Tomczak, Public Defender's office
Joliet Police Department,

                    Claims:
Conspiracy, Federal false and unlawful imprisonment, Due process
Equal Protection, Fair Trial, Obstruction of Justice, Perjury, I.I.E.D
Wrongful and unlawful conviction, abuse of process, indemnification
Judicial-official and Prosecutorial Misconduct, Malicious Prosecution
Curel and unusual punishment, discrimination, mental anguish


That on July 23, 2001 defendant advised P.D. McGrath about the
victim being allowed to view, be in the same court room with him
when his hole case is about a bogus I.D and tainted line up.
That by the state doing this they're giving the Victim a chance to
see-View the defendant on how he looks to date. Because she picked
him out of a 3½ year old photo line up. Defence Counsel just
told defendant that they 'the State' can do it.
That in August 2001 defendant was once again in court with
the victim 'Melani Vetter' whom this time was standing right beside
the defendant and addressed the court right after the defendant.

To at which time defendant realized that she 'Vetter' was the same woman whom was at his unrelated cartdate with officer McWherter when he was whispering and pointing at him.

That defendant inform 'P.D. McGrath' of this fact to which he just over looked him because he is-was part of the conspiracy against him.

That defendant proceed to trial on September 14, 2001. To at which time the victim stated that she has never seen nor been in the same court room with the defendant. That defendant advised P.D. McGrath' of the monthes that she was, 'July and August', in court with him. That he proceed to attain only one of those dates which was July for which she only came forward to accept her subpoena and not the August date to which we were both standing side by side and addressed the court right after one another.

That 'P.D. McGrath' tricked defendant by entering into a stipulation of these facts to stop from letting the jury hear the hole truth and so he didn't have to fully impeach the victim 'Vetter' to show her being a liar.

That defendant before closing arguments once again addressed the court 'Judge Kinney' as to trying to attain the original police reports to add to his defence that'll show that it was altered-manufactured to help convict him.

To which he denied defendant's request once again stating that it's 'P.D. McGrath's' job if he wants too.

To which defendant advised 'Judge Kinney' once again that 'P.D. McGrath' was working - conspiring with the State 'A.S.A. Knick', to set him up with on this case he did not commit and that he 'Judge Kinney' is working along with them also.

That defendant was found guilty by a jury which did not consist of none of the defendant's peers 'race'. To which defendant did inform the court as well as 'P.D. McGrath' of this issue.

That defendant was sentenced to 12 years I.D.O.C on November 19, 2001.

That petitioner maintains that all foresaid defendants mentioned through at this cause of action. Knowingly agreed to conspire to deprive petitioner of his State and Federal constitutional rights by framing an innocent man.

Depriving him of his life, freedom and liberty.

## 5.)                    Defendants:

State of Illinois, County of Will, Joliet Township
Will county State's Attorney office, A.S.A. Micheal Knick
S.A. Jeff Tomczak, Will county circuit clarks office,
Will county circuit clarks, Will county circuit court reporters,
Will county circuit court reporter. Therese Hussar,
Illinois 12th Judicial circuit court, Deupty Director. Lawrence Bauer
Illinois Third District Appellate Court, Appellate Defender's office
Appellate Defender. Kenneth Brown,

### Claims:

Conspiracy, Equal Protection, Due Process, Fair Trial or Hearing
Malicious Prosecution, Obstruction of Justice, abuse of process
Official-Judicial and Prosecutorial misconduct, access to courts
Conceal evidence, with holding of exculpatory evidence, I.I.o.E.D
tempering with evidence-documents from record of appeal
mental anguish,

That in January, 2002 petitioner filed for appeal. That
A.D. Kenneth Brown was appointed to represent petitioner on his appeal.
That petitioner received his record of appeal transcripts in March, 2002.
After reviewing these documents petitioner wrote informing A.D. Brown
of the issues he wanted addressed. As well as all the misconduct that
was orchestrated against him. But most of all the missing and
altered transcripts he received in his record of appeal.

That petitioner advised A.D. Brown to supplement the record. To which he informed petitioner that he was not going to do it because nothing was missing. That petitioner wrote 'A.D. Brown' once again this time showing and giving him references out of what was still in the record that inforces petitioner's allegations.

Which was the hole pretrial date of June 7, 2001 was deleted and expunged from the transcripts and the date of June 8, 2001 put in its place with the help of the court reporters. Also the half sheet was altered to help enforce, support, justify and cover up their misconduct of manufacturing evidence. And what shows this is other pretrial dates where Judge Kinney set petitioner's case over until June 7, 2001 on May 14, 2001 which is now the day missing. Also there is mention of the missing pretrial date of June 7, 2001 on July 2, 2001. When Judge Kinney, A.S.A 'Knick' and P.D. McGrath, are calculating petitioner's time for violation of 120 Day speedy trial Motion to Dismiss.

Now the last confirming fact is from the half sheet which was altered to reflect the date of June 8, 2001. But the county's transport fee of $10 states the original pretrial date of June 7, 2001 for payment for transporting the petitioner to court. Which just so happens to be the day petitioner advised the court through a pro se motion to Dismiss, due to the discrepancies in the state's charging instrument. Due to the victim's police reports and Detective Larson's criminal complaint and warrants stating a stolt handgun was used. Then of officer McWherter getting petitioner indicted with the weapon now being a silver toy gun.

25

Which they held in evidence and presented to the grand jury.
Futhermore hole arguments have also been deleted from the
transcripts. To where the State files and argued their oral motion to
receive petitioner's jacket from his personal property at the W.C.A.D.F.
After calling the county jail and being told petitioner had this jacket.
And requested 6 monthes latter- after petitioner's arrest that this jacket
now be placed into evidence. Then the defense objected as to why
wasn't this jacket taken and placed into evidence upon his arrest
on March 2,2001 when petitioner's black hady and skull cap was taken
and placed into evidence. Which left Judge Kinney whom granted
the State's motion. But none of this activity is mentioned in the
transcripts in the record of appeal which took place on September 13, 2001.
Now the only thing that shows any reference to these facts is the
State's written motion that was granted by Judge Kinney to whom
wrote on the motion 'over defense objection'.
That the acts of all these defendants by conspiring to with hold
exculpatory evidence. caused petitioner's continued detainment and
Imprisonment. And denied petitioner access to the courts but
futhermore to a remedy and Justice.

## 6.)    Defendants:

State of Illinois, County of Will, Joliet Township
Will County State's Attorney's Office, A.S.A. Micheal Knick
Illinois Thrid District Appellte court, Appellste Defender's Office
Thrid District Applette Clark's office, Thrid Distrkt Applette clarks
Applette Defender, Kenneth Brown, Appellate Deupty Director, Lawrence Bower
Thrid District Applette Judges,

## Claims:

Conspiracy, Equal Protection, Due Process, access to court
abuse of process, Obstruction of Justice, Malicious Prosecution
Official - Judicial and Prosecutorial Misconduct, I.I.E.D.
Fair Trial or Hearing, Cruel and unusual punishment,
With holding exculpatery evidence - motions, mental anguish

That petitioner, advises Applette Defender, Brown', In June
2003, that he is waving his right to appointed counsel and is
requesting to represent himself Pro se. Since 'A.D. Brown'
is a willing co.conspirer against petitioner. Due to the fact
that applette counsel was refusing to up hold Justice on
petitioner's behalf. By arguing the real merits and misconduct
of petitioner's case. And futhermore because he's refusing
to supplement the record of appeal to find out where is, how
and why are documents missing and transcripts altered
from the record of appeal.

That petitioner then proceed to file his Pro-se motion with the appllate court to represent himself and for counsel to withdraw. That in July 2003 his motion was denied with no opinion as to why leaving petitioner with no means to appeal nor remedy. That petitioner then wrote and advised 'A.D. Brown' that he is not allowed to file anything appeal' on petitioner's behalf until all his remedies are exhausted on this Pro-se matter.

That petitioner filed an amended motion advising the Appllate court of his U.S. constitutional rights to self-representation. This motion was also denied. So petitioner then files motion with The Thrid District appllate court giving notice of appeal to the Supreme court. That after not receiving confirmation of about his appeal from the suprem court. Petitioner wrote then inquiring about his appeal. To which petitioner received a letter from The Supreme court informing petitioner that they haven't received an appeal nor has anything been filed or sent from The Thrid District court on petitioner's behalf. But most of all they called to The Thrid District Appllate court and was told by their clarks that they still had and was holding on to petitioner's motion. Because they weren't allowed to file it.

That The Thrid District Appllate Court, reversed and remanded petitioner's case back to The Circuit Court for a new trial on March 31, 2004. The State appealed but was denied appeal in November 2004.

## 7.)                    Defendants:

State of Illinois, County of Will, Joliet Township
Will county State's Attorney office, A.S.A. 'Micheal Knick'
Will county Circuit Clark's office, Will county circuit clarks
Will county circuit court reporters, Circuit court Judge 'Gerald Kinney'

## Claims:

Conspiracy, Equal Protection, Due Process, access to carts
official - Judicial and Prosecutorial misconduct, I.I.E.D.
abuse of Process, obstruction of Justice, denial of Public records
curel and unusual punishment, mental anguish,

That petitioner, filed a original and amended Habeas corpus
informing the Supreme court of the misconduct and violations
of his U.S. and Illinois constitutional rights. Which was only
denied to allow the Thris District direct appeal which has none
of the real merits and misconduct in petitioner's case addressed to be
granted. Due to the fact that they were denying petitioner
his constitutional rights to self-representation only to stop him from
exposing their conspiracy and unlawful misconduct.
That petitioner also filed a original and amended Post conviction
trying to get the merits of his case heard on the record.
To which both were denied by 'Judge Kinney', whom is
a key player in this hole conspiracy against defendant.

That he denied both petitions with out giving no opinion nor reason as to why leaving petitioner with no means to appeal nor receive Justice.

Also some of the issues spoken of was against 'Judge Kinney' so there was no way he'll grant something against himself.

That petitioner then had a friend go down to the Will County Court House to purchase transcripts pertaining to documents from the freedom of information act. That were missing from the record of appeal and will show these conspirators unlawful misconduct.

That upon her going back to pick up these documents she prepaid for. She was given her money back and told that before anyone can receive anything documents in petitioner's case they have to frist call the court reporter supervisor. That no one never answered nor returned our calls.

That the actions of these defendants deprived petitioner his right to properly defend himself and attain Justice. But most of all their actions caused petitioner's extended incarceration.

8o)              Defendants:
State of Illinois, Joliet Township, County of Will,
Will County Adult Detention Facility, Joliet Police Department
Will county Sheriff Department, Will county sheriff Deputies
Will county State's Attorney office, A.S.A. Michael Knick
Illinois 12 Judicial Circuit court, Will county circuit clarks
Will county circuit court reporters, Circuit court Judge Gerald Kinney
Will county Co. Stanko, Will county Warden, Will county officers
Will county Cheif of security, Circuit court Judge Rozak

Claims:
Conspiracy, Equal protection, Due process, fair Trial or Hearing
discrimination, Abuse of process, Access to court, Perjury
mental anguish, cruel and unusual punishment, I.I.E.D
obstruction of Justice, Indemnification, unlawful detainment
Official-Judicial and Prosecutorial misconduct, subren perjury
Malicious Prosection, unlawful and wrongful imprisonment
Fabrication of evidence and documents

That in November 2004, petitioner was remanded back to the
coustdy of The Will county Sheriff, W.C.A.D.F. Due to the
Appllate court granting their appeal for a new trial. That was
Filed over petitioner's objection. Also in November 2004
petitioner was sentenced to 5 monthes and 29 days by Judge Kinney
for contempt of court.

31.

That petitioner waived his right to be represented by the Public Defenders office. Stating his claims before the court of misconduct, conspiracy and a conflict of interest against him and the foresaid defendants.

That petitioner also file a substitution of Judge motion. Showing and arguing about the Judicial misconduct by Judge Kinney also him conspiring and being bias and prejudice against petitioner. That in the face of firm evidence Judge Rozak denied petitioner's motion. Conspiring along with other co-defendants to continual to deprive petitioner of his U.S. and Illinois Constitutional Rights.

That petitioner was set to start trial on February 4, 2005.

That petitioner filed motions for an Recognizance bond and Day for Day goodtime credit for the contempt of court. That his motions were heard on February 3, 2005. The motion for an Recognizance bond was denied but the day for day motion was granted. Which stated that the contempt of court will end on February 5, 2005. That an order was signed by Judge Kinney stating these facts.

A new trial date was set for February 23, 2005.

That petitioner forward to the W.C.A.D.F. staff his motion to Dismiss with exhibits to be copied on February 13, 2005.

That these copies were returned to him on February 16, 2005. That petitioner then sent copies to potential lawyers seeking Pro Bono representation.

That petitioner did not forward a copy of His Motion to the courts tobe filed. Due to the fact petitioner feared that it would've never been filed but most of all because it would've gave these co.conspirers a chance to further conceal evidence and deprive petitioner of Justice. So petitioner was going to file this motion in open court on February 23, 2005 that way it will be on the record that it has been filed with witnesses.

That on the night of February 17, 2005 around 12:00 pm. Petitioner's cell door was opened by C.O. White, when informed petitioner to pack his thing because he was going home. That petitioner proceeded to close his door back. This happen two more times before C.O. White came and told petitioner he was not playing.

To which petitioner did as he was told. But advising C.O. white that he has been in custody over 4 years and that he was representing himself so if his case-charges were droped he'll be one of the frist to know.

That petitioner was released from the custody of the W.C.A.D.F on February 18, 2005 a week before his scheduled trial date for which he was going to file his pro se motion to Dismiss in open court.

That petitioner proceeded to call attorney 'Anderson J. Ward' when he sent a copy of his motion to Dismiss too. That petitioner was told by attorney 'J. Ward' that he did not have anything to do with getting petitioner released. And for petitioner to go to

33

his schedule court date of February 23, 2005 the following Wednesday. And to let him know what happens.

That petitioner went to court on February 23, 2005. And approached A.S.A. 'Knick' inquiring if his charges were dismissed. To which the State, 'A.S.A Knick' said no and asked if petitioner bonded out which petitioner informed him no he did not. 'A.S.A Knick' advised petitioner that he was going to find out what was going on. That he then advised petitioner that he was released by mistake.

To which petitioner informed him of how could that be - happen when he's been in custody over 4 years. And that he was going to call his lawyer. That petitioner did as they wanted, planned for him to do and left the courthouse. Petitioner got in contact with attorney 'J. Ward' and explained to him what was going on - happening.

That petitioner was released from custody to stop him from filing and arguing his Pro. Se. Motion to Dismiss. Due to the fact he has been in custody over 4 years on a bogus void and invalid amended warrant plus other grounds of unlawful misconduct. And that they 'the defendants' needed him to leave the courthouse that way they can justify issuing a new bench warrant. That petitioner was arrested on March 2, 2005 on this new warrant by the Will County Sheriff Deputies.

That the Herald Newspaper is stating that the defendants found out that petitioner was missing, released from custody by mistake on February 23, 2005.

Which is untrue, and futher shows these defendants acts to
try to cover up their misconduct and conspiracy. Because they
locked the W.C.A.D.F. down on February 18, 2005 and talked
to petitioner's cell mate about petitioner. Whom was going tobe
released on Sunday February 20, 2005 and our neighbor whom was being
released on February 21, 2005.

That all defendants are apart of this ongoing conspiracy against petitioner
because a fugitive warrant should've been issued on February 18, 2005
by the Will County's Sheriff Department when the W.A.D.F. realized
petitioner was gone - released - missing. But it wasn't and couldn't be
because that would've left the original bogus void and invaild amended
warrant still activated tobe challenged.

That petitioner proceeded with a new trial and was aquitted
on all charges on December 8, 2005

That futher petitioner maintains that every defendant mentioned
in this petition played a major role in this conspiracy to deny and
deprive petitioner of his Federal and Illinois constitutional Rights of all
claims stated in this petition.

Petitioner was held against his will, treated unfair and unjust
he was harrassed, discriminated and retaliated against by these
defendants.

9.)          Defendants:

State of Illinois, Joliet Township, County of will
Joliet Police Department, will county Sheriff Department,
Will county State's Attorney office, A.S.A. Micheal Knick,
S.A. Jeff Tomczak, P.D. Timothy McGrath, Joliet Det. Bruce Larson
Joliet Police officers, Dennis Mcwherter, J.P.O. Tichy, John Does
Will county Adult Detention Facility, Judge Jerald Kinney
A.S.A. John or Jane Doe

Claims:

Federal false arrest and unlawful Imprisonment, Conspiracy
unlawful arrest and detainment, obstruction of Justice, perjury
Equal Protection, Due Process, discrimination, Abuse of Process
official - Judicial and Prosecutorial misconduct, Indemnification
Malicious Prosecution, cruel and unusual punishment, I.I.E.D
Suborn perjury, wrongful Imprisonment, access to court
unlawful and Wrongful conviction, mental anguish

That on February 2, 2001 Det. Larson files a criminal
complaint and warrant against 'Kerwin D. Ross' for commiting the
offenses of armed and aggravated robberies with a black handgun.
Which was signed by 'Judge white'. Then on February 5, 2001
Det. Larson' filed an amened complaint and warrant stating
the same facts. But for 'Kerwin D. Doss' which was signed by

`Judge Kinney`. That on February 15, 2001 `Officer McWherther` went before the grand jury conspiring with the assigned Assistant State's Attorney and committed suborn perjury to get petitioner, `Kerwin Doss` indicted along with 4 other individuals on a 20 count bill of indictment for committing the offenses of armed and aggravated robberies with a silver toy gun. With them having the knowledge and facts from the victim's police reports as well as `Det. Larson's` criminal complaints stating that the offense was committed with the weapon being a black handgun.

That the filling of the Bill of indictments acted to supercede and invalidate the amended criminal complaint and warrant filed by `Det. Larson` on February 5, 2001. Due to the fact that the amended complaint and warrant states a black handgun was used. And now the indictment is stating a toy gun which is silver in color, is the dangerous weapon used.

Furthermore this silver toy gun was present for - to the February 15, 2001 grand jury as evidence to support their facts to attain this indictment.

That petitioner, `Kerwin Doss` was arrested on March 2, 2001 on this invalid and void amended complaint warrant of February 5, 2001 by the Joliet Police Department. And held in custody by The County of Will, Joliet Township, State of Illinois, W.C.A.D.F, and Will County Sheriff's Department. Until he was unlawfully and wrongfully convicted and transferred to the custody of I.D.O.C!



That petitioner tried to attain Justice from this misconduct by filing in The Circuit court his original and amended post convictions addressing this and other issues to - with Judge Kinney, whom Just denied the motions with out cause nor giving an opinion as to why leaving petitioner with no means to appeal. Also petitioner filed an original and amened Habeas Corpus which was also denied only to stop the real merits and illegal misconduct uses against petitioner from being heard or placed on the record. Which left petitioner with no remedy nor means too attain Justice.

Only because all these defendants were apart of the conspiracy aget petitioner charged, arrested, detained, convicted and imprisoned. Starting with this invalid and void complaint warrant. Then using a perjured, fabricated and manufactured indictment obtained last by using the same unlawful means during trial.

That petitioner was arrested and held incustody on this void and invalid amended complaint warrant from March 2, 2001 until a new bench warrant was issued on February 23, 2005 through further malicious and conspired means.

That this solo act commited by these defendants within itself deprived petitioner of four years and nine monthes of life and liberty but most of all mental anguish.

10.)        Defendants:

Illinois Department of Corrections, Joliet Township
Assistant State's Attorney, Micheal Knick, State of Illinois
Joliet Police Department, Will County Sheriff Department,
Will County State's Attorney office, Will County Public Defender's Office
Public Defender, Timothy McGrath, County of Will

### Claims:

Cruel and Unusual Punishment, Harassment, Mental anguish
Equal Protection, Due Process, Conspiracy, access to Courts
unlawful and Wrongful Imprisonment, unlawful detainment
Ill and Inhumane treatment, Federal False Imprisonment,
Malicious Prosecution, Official-Judicial and Prosecutorial misconduct
Obstruction of Justice, indemnification,

That petitioner was sentenced to 12 years in The I.D.O.C.
Due to these defendant's unlawful misconduct of I was deprived
of my life and liberty. Detained and held against my will by
these co. conspirators. I was put in potential danger of being
physically and sexually abused by violent, dangerous and heinous
prisoners. By me being placed in a maximum security institution
Placed in cells with individuals whom has natural life sentences
and others whom was sentenced to over 50 years imprisonment.

I was subjected to mental and emotional abuse by being placed in segregation for a year and a half. And confined to my cell for 24 hours a day during this time. I was denied access to the courts and law liberty, made to miss court dead lines. My mail was being held and not delivered when it was sent out.

I was subjected to cruel and unusual punishment and Ill and inhumane treatment. By these defendants for the dangerous inhumane and unhealthy conditions I was forced to live in due to their unlawful misconduct, unjust and wrongful - unlawful conviction and imprisonment. These defendants conspired to condemn a innocent man. Whom is now mentally and emotionally unstable to cope. Due to these co. conspirators confined him to being incarcerated for 23 hours a day for 2 years and 9 monthes in the wrost of conditions.

With a total of confinment of 4 years and 9 monthes of this unjust and cruel treatment.

**V.**   **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

That all defendants be held accountable in their official and, or their individual capacities for each Federal constitutional violation that applies to them. In the sum of the amount for damages set forth. Also that all defendants be prosecuted. Punitive damages $:$ $50 million dollars ; Compensatory damages $:$ $50 million dollars ; Nominal damages $:$ $50 million dollars ; Actual damages $:$ $100 million dollars

**VI.**   The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ⟨28⟩ day of ⟨9⟩ , 20⟨07⟩

Kevin D. Doss

(Signature of plaintiff or plaintiffs)

Keswin Deundra Doss

(Print name)

06.3125

(I.D. Number)

95. South. Chicago Street

Joliet, Ill 60432

(Address)