## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE, SR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6538 | DATE | 12-20-07 |
| CASE TITLE | Kerwin Deundra Doss (#063125) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 4.57 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Will County Adult Detention Facility.. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Mail AO 450

■ [For further details see text below.]                                Docketing to mail notices.

### STATEMENT

Plaintiff Kerwin Deundra Doss is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 4.57. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A(b)(1), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff has submitted this sweeping complaint regarding his arrest and prosecution for armed and aggravated robberies. He alleges that in January 2001, Det. Bruce Larson and Officer Dennis McWhester of the Joliet Police Department arrested four individuals and manipulated, threatened, and intimidated them into naming the person who helped them commit these robberies. They named "Kerwin Doss." Det. Larson filed a criminal complaint and warrant charging "Kerwin D. Ross" with committing armed and aggravated robberies with a black handgun. After realizing that the name was misspelled, Larson filed an amended complaint on February 5, 2001. The officers allegedly were unsuccessful in getting the individuals to commit perjury before the Grand Jury against Plaintiff. The officers and the assistant state's attorney then went before the Grand Jury on February 15, 2001, and committed perjury in order to get Plaintiff indicted on a 20-count bill. They claimed Plaintiff and four other suspects had committed armed and aggravated robberies while armed with a toy gun which was silver in color. They presented this weapon to the Grand Jury, although the victim had stated in the police reports that the robber was armed with a black handgun. Plaintiff was arrested on March 2, 2001.

Plaintiff was arraigned on February 15, 2001, and assigned to Judge Kinney's court call. Assistant Public Defender Timothy McGrath waived Plaintiff's right to a speedy trial over Plaintiff's objections. Plaintiff informed A.P.D. McGrath that he had not been arrested with a weapon or a toy gun that was silver in color and that the police had planted the gun and the case on him. Plaintiff continues at length about proceedings during the trial including a denial of his *pro se* motion to dismiss due to speedy trial violation and Judge Kinney granting the State a continuance in order to reindict Plaintiff over the A.P.D.'s objection. A.S.A. Knick had Det. Larson go before the Grand Jury claiming that Plaintiff used a pistol, not a black handgun as stated in the police report. Plaintiff further alleges that the police officers conspired with the victim, Melani Vetter, to identify Plaintiff's jacket as the one the robber was wearing. Vetter also allegedly lied at Plaintiff's trial about never before being in the same courtroom with him. A.P.D. allegedly tricked Plaintiff into entering into a stipulation of facts in order to keep the jury from hearing the whole truth. Plaintiff was found guilty and sentenced on November 19, 2001, to 12 years in the Illinois Department of Corrections.

Plaintiff filed an appeal in January 2002. When Plaintiff received his transcripts he discovered that some were missing and altered. He informed Appellate Defender Kenneth Brown, who told him nothing was missing. Plaintiff alleges that all the defendants were conspiring to withhold exculpatory evidence. Plaintiff informed A.D. Brown in June 2003 that he was waiving his right to appointed counsel because Brown was a willing conspirator against Plaintiff. However, Plaintiff's motions to proceed *pro se* were denied. On March 31, 2004, the Third District Appellate Court reversed and remanded Plaintiff's case back to the Circuit Court for a new trial. Plaintiff filed a petition for writ of habeas corpus and a petition for post-conviction relief, which Judge Kinney denied. Plaintiff claims that Judge Kinney is a key player in the conspiracy against him. Plaintiff planned to file a motion to dismiss at his trial set for February 23, 2005; however, Plaintiff was released in error. Plaintiff alleges that this was done as part of a conspiracy to keep him from filing his motion to dismiss.

Plaintiff proceeded with a new trial and on December 8, 2005, he was acquitted of all charges. Plaintiff alleges that he was deprived of four years and nine months of life and liberty because of the conspiracy of the defendants. Plaintiff seeks money damages.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held:
[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.

Because Plaintiff claims he was acquitted of all charges, *Heck* does not apply to bar his claims. Nonetheless, most of the named defendants are immune to suit and those claims that might have been viable are now time barred.

The judges Plaintiff has named are entitled to absolute immunity from civil rights actions provided their actions are within their jurisdiction and the acts are performed in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991); *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990); *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). Ruling on motions and the like are all actions within the purview of the judges' judicial capacity. The judges are therefore immune from suit under § 1983.

Prosecutors who act within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the State's case are absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The assistant state's attorney are accordingly immune from suit under § 1983 for any action they may have taken in the course of the criminal proceedings against Plaintiff.

In any action brought under § 1983, the alleged violator of the plaintiff's constitutional rights must have acted under color of state law. *See Monroe v. Pape*, 365 U.S. 167, 183-87 (1961). In *Polk County v. Dodson*, 454 U.S. 312, 317-325 (1981), the Supreme Court held that public defenders do not act "under color of state law" when performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding. Plaintiff therefore cannot maintain a § 1983 action against either the assistant public defender or appellate defender.

Plaintiff may not bring an action under § 1983 against the victim/complainant. Even providing false information to the police in a complaint is insufficient to establish § 1983 liability against the complainant. *Frazier v. Board of Educ. of City of Chicago*, 2003 WL 21510328*2 (N.D.Ill. 2003) (Zagel, J.), citing *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 326 (7th Cir. 1978) (citations omitted) ("It is well settled in Illinois that 'giving information to police in itself is insufficient to constitute participation in an arrest.'"). *See also Johnson v. Miller*, 680 F.2d 39, 40-41 (7th Cir. 1982); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975).

Moreover, witnesses are accorded absolute immunity from a suit under § 1983 even if their testimony at trial is false. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The Seventh Circuit has extended this immunity for witnesses to pretrial proceedings. *See Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir. 1983). Any claim Plaintiff may be making against either the victim/complainant or the police officers regarding any statements or testimony they may have given in trial and proceedings before the Grand Jury is not actionable under § 1983.

Plaintiff may be claiming malicious prosecution. However, a claim of malicious prosecution is not actionable in federal court. Because Plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001).

Plaintiff may be claiming a false arrest. However, any false arrest claim would now be time-barred. The general rule for civil rights claims of false or wrongful arrest arising out of the Fourth Amendment is that they begin to accrue at the time of arrest, regardless of subsequent proceedings. *See, e.g., Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996), *cert. denied*, 519 U.S. 1113 (1997); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995), *cert. denied*, 519 U.S. 833 (1996). The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The Clerk of Court received Plaintiff's complaint on November 19, 2007, more than two years after the arrest in 2001. Therefore, it is now too late to sue as to any alleged false arrest.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).